BALTIMORE SECURITY WAREHOUSE CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85–11–01690

Before CARMAN, *Judge.*

(Decided December 13, 1985)

*Allen, Thieblot & Alexander (J. Edward Martin,* on the motion) for the plaintiff.
*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division (*Susan Handler-Menahem* on the motion) for the defendant.

CARMAN, *Judge:* Plaintiff, Baltimore Security Warehouse Company, moved for a preliminary injunction restraining the United States Customs Service (Customs) from revoking plaintiff's bonded warehouse status, and for review of Customs' final determination revok-

ing such status.[1] Defendant United States cross-moved for summary judgment. On December 13, 1985, the Court heard argument. Ruling from the bench, the Court denied plaintiff's motion and granted defendant's motion for summary judgment. This opinion follows that order.

## BACKGROUND

On February 9, 1983, Customs directed plaintiff to show cause pursuant to 19 C.F.R. § 19.3(e) (1982) (now 19 C.F.R. § 19.3(f)) why its bonded warehouse status should not be revoked. The notice stated the following grounds for revocation:

> As a result of a U.S. Customs Service Investigation, it was found that you did not adequately safeguard merchandise in your warehouse and that there was a high degree of pilferage at Baltimore Security Warehouse, Inc., particularly with regard to crystal glassware imported by Import Associates. It was also found that the merchandise and paperwork regarding your account with Import Associates were so poorly handled that the importer could not match items with the proper warehouse entry or importation.

Pursuant to 19 C.F.R. § 19.3(e), Customs could revoke the bonded status of a warehouse for a variety of reasons, including:

> (3) The warehouse proprietor or an officer of a corporation which has been granted the right to operate a bonded warehouse is convicted of or has committed acts which would constitute a felony, or a misdemeanor involving theft, smuggling, or a theft-connected crime;
> (4) The warehouse proprietor does not provide secured facilities or properly safeguard merchandise within the bonded warehouse.

Plaintiff requested a hearing on the issue of revocation, which was held on April 13, 14 and 18, 1983. Both parties filed post hearing memoranda. On October 5, 1983, the hearing officer made her recommendation that plaintiff's bonded warehouse status be revoked, which she forwarded to the Regional Commissioner of Customs for the Northeast Region (Commissioner). By letter dated November 18, 1985, the Commissioner informed plaintiff that its bonded warehouse status was revoked, effective ten days after receipt of the letter.[2]

---

[1] In its complaint filed with this court, plaintiff requested the relief, *inter alia*, of an injunction. In its brief, plaintiff argued that the Custom's determination be overturned. The Court understood plaintiff to move for a preliminary injunction pursuant to Rule 65(a) and for judgment upon the agency record pursuant to Rule 56.1. Upon consent of both parties, the Court ordered the motions consolidated under Rule 65(a)(2).

[2] The text of the letter was as follows:

This is to inform you that I have decided to revoke the bonded warehouse status of Baltimore Security Warehouse, pursuant to my authority in 19 CFR 19.3(f). I am sending this decision to you because you are the legal representative of Baltimore Security War ehouse and ask you to notify the appropriate parties.

A hearing on this matter was held on April 13, 14 and 18, 1983, in Baltimore, Maryland, My decision is based on the recommendation of the hearing officer that the bonded status of Baltimore Security Warehouse be revoked and the evidence presented at that hearing which indicates violations of section 19.3(e)(3) and (4) of title 19 of the Code of Federal Regulations. These sections provide that the bonded status of a warehouse may

By complaint dated November 29, 1985, plaintiff asked this court for a temporary restraining order enjoining Customs from revoking its bonded warehouse status. The court, per Senior Judge Newman, issued a temporary restraining order on December 2, 1985, pursuant to Rule 65(b). The order was to expire on December 12, 1985.

This case was assigned to me on December 3, 1985. I ordered that the motion for preliminary injunction be combined with the action on the merits, pursuant to Rule 65(a)(2), and ordered that the temporary restraining order be extended to December 19, 1985, pursuant to Rule 65(b), with consent of the parties, in order to provide for the oral argument to be held on December 13, 1985.

## OPINION

Plaintiff maintained that the Commissioner's determination revoking its bonded warehouse status should be overturned on a variety of grounds: 1) Customs did not have jurisdiction over the subject matter of this action, 2) the agency proceedings were procedurally defective, 3) improper evidence was admitted at the administrative hearing, 4) the agency findings were not supported by substantial evidence in the record, and 5) the agency action was barred by the equitable doctrine of laches.

### 1. Jurisdiction

In its complaint plaintiff averred that Customs did not have jurisdiction because the property involved was not bonded and Customs had jurisdiction only over bonded property.[3] Plaintiff did not press this argument in its brief. Customs has authority under 19 U.S.C. § 1556 (1982) to promulgate rules and regulations for establishing bonded warehouses. 19 C.F.R. § 19.3(e), promulgated pursuant to that authority, provides that bonded warehouse status may be revoked if Customs finds that the proprietor or corporate officer has been convicted of, or has committed acts constituting specified crimes. The section does not require that these convictions or acts have any relation to bonded merchandise. Customs acted within the scope of its statutory authority as it was not exercising any power over particular property, but rather its power to establish bonded warehouses under 19 U.S.C. § 1555 (1982).

### 2. Procedural Defects

Plaintiff claimed that the agency proceedings were defective in several ways. Plaintiff first contended that the Commissioner's determination did not include findings of fact or reasons for the

---

be revoked if an officer of a warehouse has committed acts which would consititute a felony, or a misdemeanor involving theft, or if the warehouse proprietor does not provide secured facilities or properly safeguard merchandise within the bonded warehouse. The allegations based on these sections have been amply proved at the hearing.

This decision takes effect 10 days after receipt of this notice.

[3] At the agency level, plaintiff made a motion to dismiss for lack of jursidiction and because the agency was not following the Administrative Procedures Act § 554(d) (5 U.S.C. § 554(d) (1982)). In its complaint, plaintiff asked the court to review the agency's denial of that motion, but pursued only the issue of jurisdiction. The Court notes that plaintiff showed no violation of § 554(d).

revocation, as required by the regulations. The regulations provide that "[T]he Regional Commissioner shall thereafter render his decision in writing, stating his reasons therefor." 19 C.F.R. § 19.3(e). The Commissioner's letter stated that plaintiff's bonded warehouse status was being revoked because plaintiff had violated 19 C.F.R. § § 19.3(e)(3) and (4), and the allegations based on these sections had been "amply proved at the hearing." The reason for the revocation could not be more clear. Moreover, the letter referred to proofs at the hearing and also to the findings of the hearing officer. This was adequate to inform plaintiff of the findings upon which the determination was based. Plaintiff next claimed that the recommendation of the hearing officer did not include findings of fact. On the contrary, the recommendation includes numerous factual findings, which formed the basis of the recommendation.[4] Plaintiff urged that the hearing officer did not independently assess the evidence on the record because her findings of fact incorporated the proposed findings of fact submitted by counsel for Customs. The adoption of proposed findings is a not uncommon judicial practice and, standing alone, does not indicate that the adjudicator did not independently assess the evidence.

Plaintiff next claimed that the findings contained in the recommendation were improper because the hearing officer did not impose upon Customs the burden of proving its case beyond a reasonable doubt. One of the grounds for revoking plaintiff's bonded warehouse status was the finding that plaintiff had

> committed acts which would constitute a felony, or a misdemeanor involving theft, smuggling or a theft connected crime.

19 C.F.R. § 19.3(e). The proceeding below was a civil and not a criminal proceeding, and the reasonable doubt standard does not apply. The hearing officer was persuaded that the plaintiff committed the acts complained of, and that is sufficient. On review, this Court will sustain that determination so long as it is supported by substantial evidence on the record. *See generally American Spring Wire Corp.* v. *United States,* 8 CIT 20, 590 F. Supp. 1273 (1984), *aff'd* 760 F.2d 249 (1985).

Plaintiff next complained that it did not receive a copy of the hearing officer's recommendation until after the revocation determination had issued and plaintiff had brought its case to this court. Plaintiff pointed to no statute or regulation, however, requiring Customs to furnish it with a copy of the recommendation. The official record contained the recommendation and plaintiff could have received it at any time by simply requesting a copy. Moreover,

---

[4] For example, the hearing officer found that merchandise was seized from Smith Sales, that the merchandise had been imported by Import Associates and stored in bond at plaintiff's warehouse, and that plaintiff had sold the merchandise to parties who testified at the hearing. These are not conclusory statements, as plaintiff suggests, but rather basic findings of fact.

plaintiff has not shown that it was in any way prejudiced because it did not receive a copy.

Plaintiff's final procedural complaint was that the Commissioner did not make his determination on the full record. Plaintiff reached this conclusion from statements made by counsel for defendant, during a teleconference on December 6, 1985, that exhibits from the hearing had been sent to Washington, D.C. and then on to New York. The Commissioner issued his determination from Boston. Such a statement, without more, is inadequate to show that the Commissioner did not consider the complete record.

### 3. *Evidence at the Hearing*

At the administrative hearing, plaintiff objected to the introduction of hearsay evidence. Although plaintiff did not press this issue in its brief to the court, its complaint does not mention evidentiary objections made at the administrative hearing. Section 557(d) of the Administrative Procedure Act (5 U.S.C. § 557(d)) provides that:

> any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly prejudicial evidence.

Administrative adjudicatory proceedings are not governed by the formalized strict Federal Rules of Evidence but by the Administrative Procedure Act. Hearsay evidence is admissible in such proceedings.

Plaintiff also argued at length in its brief that certain evidence admitted at the hearing was seized from premises known as Smith Sales, in violation of the fourth amendment to the United States Constitution. A party lacks standing to assert a fourth amendment violation where it was not on the premises at the time of the search, alleges no proprietary or possessory interest in the premises, or is not accused of a possessory crime. *Brown* v. *United States* 411 U.S. 223, 229 (1973). Since none of these situations existed, plaintiff had no standing to request suppression of the evidence.

### 4. *Substantial Evidence*

Plaintiff asserted that certain factual findings of the hearing officer were in error. This Court must uphold agency action unless it is unsupported by substantial evidence in the record. *See* 5 U.S.C. § 706(2)(E) (1982). At the hearing, Customs introduced substantial evidence that plaintiff had committed the acts complained of. Plaintiff also introduced evidence tending to exculpate it, and offered alternative theories to explain evidence introduced by Customs. It is not for the Court, however, to weigh the conflicting evidence. It is sufficient that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *American Spring Wire,* 8CIT20, Slip Op. 84–83 (July 11, 1984) (quoting *Universal Camera Corp.* v. *NLRB,* 340 U.S. 474, 477 (1951)). Although plaintiff clearly was not satisfied by the findings of the hearing officer, since there was relevant evidence from which

reasonable inferences could be drawn to support the conclusion determined by the hearing officer, the determination of the hearing officer must be permitted to stand.

5. *Laches*

Plaintiff's final ground for arguing that the agency action should be overturned was that Customs was barred by the equitable doctrine of laches. To establish the defense of laches, a party must show both unreasonable delay and some prejudice caused by the delay. *Costello* v. *United States,* 365 U.S. 555 (1965). Customs held the hearing in April of 1983 but did not act to revoke plaintiff's bonded warehouse status until November of 1985. Whether or not the delay was unreasonable, plaintiff has failed to show that it was prejudiced. Plaintiff can hardly claim prejudice when the delay allowed it to keep its bonded warehouse status during that time.

## CONCLUSION

Plaintiff failed to show that the agency action was procedurally defective or that the determination was not supported by substantial evidence upon the record. Because of the Court's disposition of the case on its merits, the Court also denied plaintiff's motion for a preliminary injunction. Plaintiff's motions have been denied, the Court granted defendant's motion for summary judgment and dismissed the case.